IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

_____

| | | |
|---|---|---|
| HARRISONGS LIMITED, | ) | |
| EDWIN H. MORRIS & CO., INC. | ) | |
| AND GNOSSOS MUSIC, | ) | CASE NO. ST-09-CV-18 |
| | ) | |
| Plaintiffs, | ) | ACTION FOR DAMAGES & |
| | ) | EQUITABLE RELIEF |
| vs. | ) | |
| | ) | |
| IRELAND 32, LTD. d/b/a Molly Molone's | ) | |
| AND FRANK BRITTINGHAM, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## COMPLAINT

COME NOW Plaintiffs, by and through their attorneys, DUDLEY CLARK & CHAN, LLP, and for their complaint against Defendants, state as follows:

1.     This is a suit for copyright infringement under Title 17, U.S.C.  Jurisdiction of this Court is based upon 28 U.S.C. §1338(a).  This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1332(a) and 48 U.S.C. §1612(a) and 28 U.S.C. §1367 because there is complete diversity of citizenship and the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and pursuant to 28 U.S.C. §1331 because this matter arises under the laws of the United States of America.

2.     Plaintiff, Harrisongs Limited, is a corporation organized under the laws of the United Kingdom, with its principal place of business located at 24025 Park Sorrento #130, Calabasas, California 91302.

3.     Plaintiff, Edwin H. Morris & Co., is a corporation organized under the laws of the state of New York, with its principal place of business located at 41 West 54th Street, New York, New York 10019.

4.     Plaintiff, Gnossos Music, is a company with its principal place of business located at 1187 Coast Village Road, 1-490, Santa Barbara, California 93108.

COMPLAINT
*Harrisongs Limited, et al. v. Ireland 32 Ltd. d/b/a Molly Molone's and Frank Brittingham*
Case No. ST-09-CV-18
Page 2

5.      Defendant, Ireland 32, Ltd., is a limited liability Virgin Islands company which did, at the times hereinafter mentioned, and still does own, control, manage, operate and maintain a place of business for public entertainment, accommodation, amusement and refreshment known as Molly Molones, located at 6100 Red Hook Quarters, Suite 1D-1 in St. Thomas, U.S. Virgin Islands.

6.      Upon information and belief, Defendant Frank Brittingham is a resident of the U.S. Virgin Islands and at all times hereinafter mentioned, was and still is President, Treasurer and Director of Defendant, Ireland 32 Ltd., with primary responsibility for the control, management, operation and maintenance of the affairs of said company.  The acts hereinafter complained of were done with his active assistance, cooperation, acquiescence and procurement, and he derives financial benefit therefrom.

7.      Plaintiffs allege three (3) causes of action for copyright infringement based on the Defendants' public performances of copyrighted musical compositions.  Schedule A annexed to the Complaint sets forth in summary form the allegations hereinafter made with respect to the Plaintiffs, their copyrighted musical compositions, and Defendants' acts of infringement.

8.      Plaintiffs named in Column 2 (all references to columns are to columns in Schedule A) are the owners of the copyrights in the works listed in Column 3, and are properly joined in this complaint under Rule 20, FED. R. CIV. P.

9.      Musical compositions were and are publicly performed at said place of business.

10.      The original musical compositions listed in Column 3 were created and written by the persons named in Column 4.

11.      Each composition was published on the dates stated in Column 5, and since the dates of publication have been printed and published in strict conformity with Title 17, U.S.C.

12.      The composition named in cause of action 3 was registered as an unpublished composition on the date stated in Column 5.

COMPLAINT
*Harrisongs Limited, et al. v. Ireland 32 Ltd. d/b/a Molly Molone's and Frank Brittingham*
Case No. ST-09-CV-18
Page 3

13.     The Plaintiffs named in each cause of action, including their predecessors in interest, if any, complied in all respects with Title 17, U.S.C., and secured the exclusive rights and privileges in and to the copyright of each composition listed in Column 3, and received from the Register of Copyrights a Certificate of Registration, identified as set forth in Column 6.

14.     All of the compositions for which there are entries in Columns 7 and 8 are now in the renewal term of copyright, secured by due filing of an application for renewal of copyright in the office of the Register of Copyrights.  The Register of Copyrights thereupon issued Certificates of Registration of the respective claims to the renewal of copyrights in the names of those claimants listed in Column 7.  The dates and identification numbers of such certificates are set forth in Column 8.

15.     Defendants on the dates specified in Column 9, and upon information and belief, at other times prior and subsequent thereto, infringed the copyright in each composition named in Column 3 by giving public performances of the compositions on Defendants' premises, for the entertainment and amusement of the patrons attending said premises, and Defendants threaten to continue such infringing performances.

16.     The performances of the Plaintiffs' copyrighted musical compositions on the dates specified in Column 9 on Defendants' premises were unauthorized: neither Defendants, nor any of the Defendants' agents, servants or employees, nor any performer was licensed by, or otherwise received permission from any Plaintiff or any agent, servant or employee of any Plaintiff to give such performances.

17.     In undertaking the conduct complained of in this action, Defendants knowingly and intentionally violated Plaintiffs' rights.  Defendants' knowledge and intent are established by the following facts:

COMPLAINT
*Harrisongs Limited, et al. v. Ireland 32 Ltd. d/b/a Molly Molone's and Frank Brittingham*
Case No. ST-09-CV-18
Page 4

_____

(a)     Defendants have not sought or obtained a license agreement from Plaintiffs or the American Society of Composers, Authors and Publishers (ASCAP), a performing rights licensing organization of which all Plaintiffs are members.

(b)     Despite numerous letters and other contacts by ASCAP representatives informing the Defendants of their liability under the United States Copyright Law, Defendants have willfully continued to perform copyrighted music without permission during the hours that Defendants' establishment is open to the public for business and presenting musical entertainment.

(c)     The many unauthorized performances at Molly Molones include the performances of the three copyrighted musical compositions upon which this action is based.

18.     At the times of the acts of infringement complained of, the Plaintiff named in each cause of action was the owner of the copyright in the composition therein named.

19.     The said wrongful and willful acts of the Defendants have caused and are causing great injury to the Plaintiffs, which damage cannot be accurately computed, and unless this Court restrains the Defendants from the further commission of said acts, said Plaintiffs will suffer irreparable injury, for all of which the said Plaintiffs are without any adequate remedy at law.

WHEREFORE, Plaintiffs pray:

1.     That Defendants and all persons acting under the direction, control, permission or authority of Defendants be enjoined and restrained permanently from publicly performing the aforementioned compositions or any of them and from causing or permitting the said compositions to be publicly performed in Defendants' said premises, or in any place owned, controlled or conducted by Defendants, and from aiding or abetting the public performance of such compositions in any such place or otherwise.

2.     That Defendants be decreed to pay such statutory damages as to the Court shall appear just, as specified in 17 U.S. C. §504(c)(1)-(2), namely, not more than One Hundred Fifty Thousand

COMPLAINT
*Harrisongs Limited, et al. v. Ireland 32 Ltd. d/b/a Molly Molone's and Frank Brittingham*
Case No. ST-09-CV-18
Page 5

and 00/100 Dollars ($150,000.00) nor less than Two Hundred and 00/100 Dollars ($200.00) in each

cause of action herein.

     3.      That Defendants be decreed to pay the costs of this action and that a reasonable

attorney's fee be allowed as part of the costs.

     4.      For such other and further relief as may be just and equitable.

Dated: January 26, 2009

Respectfully submitted,
DUDLEY CLARK & CHAN, L.L.P.

BY:    /s/ *E. Geoffrey Wolfe*

E. Geoffrey Wolfe, Esq,
V.I. Bar No. 1026
Bennett Chan, Esq.
V.I. Bar No. 258
*Attorneys for Plaintiffs*
9720 Estate Thomas
St. Thomas, V.I. 00802
Tel: (340) 776-7474
Fax: (340) 776-8044
wolfe@dudleylaw.com
bchan@dudleylaw.com

sw:\1626-ASCAP\1201-Molly Molones\Pleadings\Complaint